BARNETT *et al. vs.* THE PEOPLE'S BANK OF NEWNAN.

1. A demurrer to a bill in equity, whether general or special, should be filed and disposed of at the first term. But when the complainant seeks, by amendment, to strengthen his cause, a demurrer to the new case, as thus presented, may then be filed.
2. Since the act of December 12th, 1871, "To provide for sales of property in this state to secure loans and other debts," a court of equity cannot reform an absolute deed, executed under such act, into a mortgage for the purpose of protecting the wife's homestead, upon the allegation that such instrument was intended as a mortgage, was so understood by herself and husband, and that upon this understanding she gave her consent to its execution.

Equity. Demurrer. Homestead. Deeds. Before Judge BUCHANAN. Heard Superior Court. September Term, 1879.

Reported in the opinion.

C. W. MABRY; B. H. BIGHAM; THOMAS H. WHITA-KER; F. S. LOFTIN, for plaintiffs in error.

W. A. TURNER; A. D. FREEMAN, for defendant.

CRAWFORD, Justice.

On the 24th of January, 1874, in consideration of the sum of $5,337.88, J. T. Barnett executed to the People's Bank of Newnan his deed to certain lands therein named, which was ratified, consented to and approved by Eliza J. Barnett, his wife, in writing, in the presence of a notary public. At the same time a promissory note, due October 1st next thereafter, was executed by the said J. T. Barnett for the rent of the said land for the year 1874. On the 20th day of October of said year, the bank sued out a distress warrant for rent, which was levied, and afterwards another warrant against Barnett as a tenant holding over.

Whereupon Eliza J. Barnett filed her application for homestead and exemption, and also filed her bill in equity against the bank, in which she alleged that on the 15th of February, 1873, J. T. Barnett borrowed of the bank $4,800.00, and gave his deed to the land described therein, with her consent, to secure the payment of the debt; that on the 24th of January, 1874, he renewed the debt and gave a new deed, with her consent, as before, to secure the payment; but that the bank, on the 19th day of October, 1874, recorded an absolute deed, and foreclosed a lien by distress warrant for rent, which was levied upon $1,000.00 worth of her exempted property. She further alleged that the papers which she approved were represented to her as mortgages; that the one executed in 1873 was usurious; that of 1874 was on a printed form, as the first, and understood to be nothing but a mortgage. The prayer of the bill was, that the deed be reformed and corrected so as to make it a mortgage, and that her homestead and exemption be protected.

Barnett *et al. vs.* The People's Bank of Newnan.

This bill was afterwards amended by alleging that the lands conveyed to the bank were not the same set apart to her as a homestead; that the first deed was tainted with usury, and should be set aside; that the second was given by Barnett whilst the title was not in him, but that it was agreed to be renewed, and whilst it was so prepared and she had given her consent thereto, the bank, in some fraudulent way, substituted the absolute deed therefor, without his knowing that he was signing such a paper at the time; it was therefore void for fraud in the procurement of the same. That the bank has forcibly deprived her of the possession of her homestead, although the same is not written in any of the bank's deeds. The prayer is, that all the deeds be declared inoperative and void as against her homestead, that the possession be delivered up and confirmed to her, that an account be taken of the payments made to the bank, the balance of the property sold, and $1,000.00 of the proceeds be paid to her, and the remainder divided among the creditors of the said Barnett.

Upon the filing of this amendment, counsel for the respondent demurred to the bill as amended, and after argument had thereon, the demurrer was sustained by the court, and the bill dismissed. This judgment of the court was excepted to, and is now assigned as error:

1st. Because of the time, it being at the hearing when the cause stood for trial, and no demurrer should then have been heard.

2d. Because the bill, as amended, should have been tried upon the merits and the demurrer overruled.

1. The office of a demurrer to a bill in equity is to deny the jurisdiction of the court, the equitable right of the complainant, the liability of the respondent, or that there is a non-joinder or misjoinder of parties or causes of action, and must arise upon the allegations on the face of the bill. It should always be filed and disposed of at the first term, unless continued upon good cause shown, and, whether it be general or special, the rule is the same, and the judg-

ment of the court should be had thereon when made either as to the forum, the parties, their rights and causes of action, or else the respondent could secure unreasonable delay. But the respondent cannot demur to that which doth not exist; so that when the complainant seeks by amendment to strengthen and support his cause, then if it is matter which is subject to demurrer on any of the recognized grounds thereof, it is open to the same, and, indeed, is subject to all the modes of defense applicable thereto.

2. Should this bill have been tried on its merits? The answer to this question must depend upon the rights of the parties as therein set forth.

The original bill claimed that the deeds made were only intended as mortgages; that the complainant, Eliza J. Barnett, and her husband, so understood them, and that with that understanding she gave her consent to their execution; that the deed of 1874 was but a renewal of that made in 1873, and therefore she prayed that it be reformed and corrected so as to make it a mortgage, and thereby give protection to her homestead and exemption. Since the act of December 12th, 1871, " To provide for sales of property in this state to secure loans and other debts," no such decree as sought by this bill could be granted.

The amendment shows that the bank has no title whatsoever to any of the lands contained in the complainant's homestead, and with that admission it becomes immaterial to her as to the manner in which the deed from her husband was procured, whether it was a mortgage or a deed, or whether obtained with or without her consent, and she having no standing in court, must be dismissed therefrom.

Judgment affirmed.